# Swift *v.* Teutonia Insurance Company, Appellant.

*Insurance—Fire insurance—Fraud—Sole ownership—Proof of loss.*
A policy of fire insurance covered household goods, furniture, wearing apparel, pianoforte and "all articles usually used in housekeeping belonging to the assured or any member of his family." A fire occurred and among other things destroyed was a piano. The assured included the piano in the sworn proof of loss. At the trial he withdrew this claim and testified that he had included the piano under a misapprehension, thinking that the title to it was in himself, but that he had been advised by counsel that he only held a lease of the piano. *Held*, (1) that the piano was never insured at all under the policy, and that the stipulation as to sole ownership did not apply; (2) that it was for the jury to determine whether the plaintiff had made a false oath to the proof of loss; (3) that a judgment and verdict for plaintiff should be sustained.

Argued Jan. 13, 1905. Appeal, No. 49, Jan. T., 1905, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1903, No. 154, on verdict for plaintiff in case of P. J. Swift *v.* The Teutonia Insurance Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before NEWCOMB, J.

The facts appear by the opinion of the Superior Court.

The court charged in part as follows :

[Turning first to the question raised with regard to the piano, it has been made ·clear by what has been developed upon the trial of the case that the piano was a leased instrument, and was held by the plaintiff at the time of the fire under a

lease from a music dealer, Mr. Hulbert, in this city.    That has been spoken of in the case at one time and another, I believe, as an instance of a sale of an instrument upon the installment plan.    In whatever way it is spoken of in the case, in law it is simply a leased instrument and nothing else, and was held under a lease by the plaintiff, and he had no interest in it that was covered by this insurance policy at any time, and therefore he could not successfully claim any damages if it had been destroyed by fire or if it were injured by fire ; he could not successfully claim any damage from this company.] [3]

Defendant presented this point :

3. If the jury find that the plaintiff had knowingly testified falsely on one point, the jury has a right to conclude that he has testified falsely on every point.    *Answer:* Refused. [9]

Verdict and judgment for plaintiff for $558.25.    Defendant appealed.

*Errors assigned* were (3, 9) above instructions, quoting them.

*M. J. Martin,* of *O'Brien & Martin,* for appellant, cited : Duda v. Ins. Co., 20 Pa. Superior Ct. 244 ; Penna Ins. Co. v. Gottsman, 48 Pa. 151 ; Ambrose v. Ins. Co., 19 Pa. Superior Ct. 117 ; Schroedel v. Ins. Co., 158 Pa. 459 ; Bemis v. Ins. Co., 200 Pa. 340 ; Com. v. Petroff, 2 Pearson, 534.

*R. L. Levy,* with him *F. M. Lynch,* for appellee, cited : Blanchard v. Pratt, 37 Ill. 243 ; Com. v. Wood, 77 Mass. 85 ; Knowless v. People, 15 Mich. 408 ; Pierce v. State, 53 Ga. 365.

OPINION BY ORLADY, J., July 13, 1905 :

This action is founded upon an insurance policy issued to the plaintiff by the defendant on household goods, furniture, useful and ornamental, beds, bedding, wearing apparel, pianoforte and other musical instruments, scientific instruments, etc., and all articles usually used in housekeeping, and covering the property of the assured or that of any member of his family, etc., for the sum of $700.    A fire occurred which resulted in the partial loss of the property covered by the policy, some of which was removed from the plaintiff's dwelling

to the residence of a relative some distance away, where it was stored in the house, outbuildings and other convenient places.   The company was notified of the fire and promptly sent its representative for the purpose of inspecting and examining the property which had been subjected to the fire. The plaintiff was instructed by the agent of the company to make up his proof of loss of everything that was damaged and everything that was burned, showing exactly the true state of affairs.   The defendant claimed to be relieved of any liability through the construction to be given to a clause in the policy, as follows : " The entire policy to be void in case of any fraud or false swearing by the assured, touching any matter relating to this insurance, or the subject thereof, whether before or after the loss." Their principal objection centering around the claim in the proof of loss, as follows : " Piano, damaged $50.00."   From the record it appears that this instrument was held under a lease from a music dealer. At the time of the trial the plaintiff withdrew all claim for this item, and testified that it was included in the proofs of loss under the belief that the title to the property was vested in him under the contract, but that after the proofs of loss were prepared he was advised by counsel that the contract was but a lease of the piano.   On this phase of the case the jury were instructed by the court, " If made in good faith, ignorant of his right under the law, but believing that he had a claim, the defendant company can take no advantage of it here ; if, on the other hand, you should find, under the evidence of the case, that the claim was made in bad faith, and that he was consciously deceiving the company in making the claim, then it would bar his recovery."   This was as vigorous a presentation of the law as the defendant could ask, and being purely a matter of fact, it was properly submitted to the jury.   The good faith of the plaintiff in separating the property and inviting a prompt inspection of what had been saved, its fair value and the exact loss and damage sustained, were fully and clearly submitted to the jury.   The defendant asked the court to charge : " If the jury believe that the plaintiff, P. J. Swift, knowingly exaggerated his loss, and willfully made false statements concerning the same, his conduct must be held to be fraudulent, and under the terms of the policy he is not

entitled to recover, and your verdict must be in favor of the defendant," which point was affirmed with a more elaborate explanation of what constituted fraud in the body of the charge. The defendant further asked the court to charge: "That under all the evidence in the case, P. J. Swift was not the unconditional and sole owner of all the property described in the policy, to wit: the piano, which was in the house at the time the agent was there and the policy was issued, and at the time of the fire."

This point was refused for the reason that, under the court's view of the case, the piano was never insured at all, and the stipulation of the plaintiff, with regard to sole ownership, had reference only to that property which was insured, "being all articles usually kept in housekeeping, the property of the assured or that of any member of his family."

The assignments of error are overruled and the judgment is affirmed.